STATE OF VERMONT

ENVIRONMENTAL COURT

Secretary, Vermont Agency of
Natural Resources, Plaintiff,  }
                               }
                               }
v                              }  Docket No.  189-10-98 Vtec
                               }
                               }
Katherine Proctor, Defendant.  }

Decision and Order on Contempt Petition

On November 30, 1998, the Secretary of the Vermont Agency of Natural Resources (the Secretary) filed an amended complaint under 10 V.S.A. § 8014(a) to enforce a final administrative order issued against Defendant on August 6, 1998. The Court issued a Decision and Order on the merits of the matter on June 1, 1999, a copy of which was served on Defendant. The Secretary is represented by Catherine Gjessing, Esq.; Defendant Katherine Proctor represents herself.

The findings of the June 1, 1999 order are incorporated herein and will not be repeated. That order directed Defendant to comply with the Order section of the final Administrative Order, except that as an alternative to either permanently discontinuing the dog kennel business or obtaining a water supply and wastewater disposal permit, she may apply for a ruling from the Secretary that the dog kennel business as it is now proposed to be operated qualifies for an exemption from the permitting requirement under 10 V.S.A. § 1954(c) or (d).

The Court entered as a Court Order on January 5, 2000, the parties' stipulated agreement and schedule, under which Defendant agreed to replace the failed leach field on her property and to otherwise comply with the Court's June 1, 1999 Order. A copy of that Court Order was also served on Defendant.

Defendant has not replaced her failed leach field pursuant to the various Court Orders entered in this matter.

Defendant has not applied for a Water Supply and Wastewater Disposal permit pursuant to the various Court Orders entered in this matter.

Defendant has not applied for an exemption under 10 V.S.A. § 1954(c) or (d) for the dog kennel business.

Most importantly, by failing to replace the failed leach field, Defendant has not ceased discharging untreated sewage into the Class II wetland as described in the June 1, 1999 order.

Defendant has stated her willingness to perform under the orders, but failed to obtain a $2,500 loan that would have allowed her to comply, and states that she does not otherwise have the

financial resources to come into compliance. Defendant is a single parent and has chosen to devote her limited financial resources to the care and upbringing of her children and herself, rather than to compliance with the above-described orders. While her managing on limited resources is laudable, she negotiated a resolution to the requirements that have been imposed on her, and has failed to comply with them. It is unacceptable in our legal system for her to simply ignore administrative and Court orders. On the other hand, real inability to comply is a defense to civil contempt.

Accordingly, it is hereby ORDERED and ADJUDGED that Defendant is in Contempt of the Court' s orders, and shall come into compliance by taking one or more of the following alternative actions within the following time frames:

**Either A.**

 1) within 15 days from the date of this order, report to the Regional Engineer and to Attorney Gjessing a firm schedule in compliance with this order for the installation of the replacement or renovated leach field AND

2) within 60 days from the date of this order install the replacement or renovated leach field, with any inspection as may be required by the Agency.

**OR B**.

 1) Within 15 days from the date of this order remove all non-human animals from the property until such time as the replacement or renovated leach field is installed. This aspect of the order is without prejudice to the issuance of future orders that may require Defendant and her family to vacate the property until such time as the leach field is installed; AND

2) Within 15 days from the date of this order, apply to the Court for a ruling that Defendant lacks the present ability to comply with <u>any</u> of the requested actions. This application will have to be supported by a full disclosure of Defendant' s financial resources and situation from which the Court may make a determination of ability or inability to comply, with copies supplied to Attorney Gjessing. It may result in the Court' s inquiry into the value of the animals formerly maintained on the property; those animals will be considered by the Court in any analysis of Defendant' s financial resources. Such an application is necessarily more intrusive into Defendant' s privacy than she may wish, but it would be necessary for the Court to make a determination of her present ability or inability to comply with the orders. If such an application is made, the Court will promptly schedule a hearing on the request, after time for Attorney Gjessing to respond and prepare for the hearing.

With regard to any of these alternatives, Defendant shall respond promptly to any review comments, requests for information or directives from any Agency personnel, or shall promptly submit a request in writing to this Court, with a copy to the Attorney Gjessing, for relief from having to perform the requested action. The Court will not accept any future unilateral decisions by Defendant simply to disregard such requests, directives or orders. If a finding is made that

Defendant has the present ability to comply, then compliance with those orders and the present order may be enforced in future proceedings by fines or incarceration.

If after receipt of this order the parties wish to enter into any agreement varying the terms of this order, they shall submit it as an agreed request for amendment of this order, even if they also enter into any independent stipulation.

Done at Barre, Vermont, this 15th day of June, 2001.

_____
Merideth Wright
Environmental Judge